IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KENNY R. MURRAY, JR., | ) | C/A No. 4:09-907-RBH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| WARDEN, EVANS | ) | |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Kenny R. Murray, ("Petitioner/Murray) is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on April 8, 2009. Respondent filed a motion for summary judgment on July 24, 2009, along with a return and supporting memorandum. The undersigned issued an order filed July 27, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a motion for default judgment[2] on

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

[2] Respondent filed a motion for extension of time to file a response on June 18, 2009. This motion was granted as unopposed on July 7, 2009, and Respondent was given until July 20, 2009. On July 20, 2009, Respondent filed a second motion for extension of time to file a response. This motion was granted. In the time period between filing the second motion for extension of time and the granting of said motion, Respondent filed a Return and Memorandum and motion for summary judgment on July 24, 2009, and a response in opposition to the motion for default on August 14, 2009. Therefore, Respondent is not in default. (See Doc. #12, #14, #16, and #25). Accordingly, it is recommended that Petitioner's motion for default judgment be

August 14, 2009, and a response to the motion for summary judgment on August 31, 2009.

## I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is presently confined to Evans Correctional Institution pursuant to Orders of Commitment from the Clerk of Court from York County. At the October 2003 term, the York County Grand Jury indicted Petitioner for trafficking crack (03-GS-46-3362) and possession with intent to distribute ("PWID") crack cocaine within proximity of a park (03- GS-46-3363).

Petitioner was represented by James Boyd, Esquire. On January 29, 2004, Petitioner entered guilty pleas before the Honorable John C. Hayes, III. The State agreed to allow Petitioner to plead guilty to PWID crack on the trafficking count (-3362), and to accept a total negotiated sentence of concurrent terms of fifteen (15) years on each charge. {PCR App. 2}. Judge Hayes sentenced Petitioner to fifteen (15) years and a $100,000 fine on -3362 and fifteen (15) years and a $10,000 fine on -3363. Petitioner did not file a direct appeal from his convictions or sentences.

Petitioner next filed a *pro se* Application for Post-Conviction Relief ("APCR") on April 30, 2004, in which he asserted the following issues:

> 6th and 5th Amendment Violation of ineffective Assistance of Trial Counsel. 14th Amendment Due Process, Lack of Subject Matter of Jurisdiction of trial and Conspiracy by unlawfully with helding (sic) information concerning this case.

The State filed a Return dated May 31, 2005.

---

denied.

An evidentiary hearing in Petitioner's PCR was held before the Honorable Lee S.Alford on February 28th, 2006. {PCR App. 1}. Petitioner was present and represented by counsel Leah B. Moody, Esquire. Counsel stated that after discussion Petitioner decided to withdraw his PCR, and Petitioner confirmed his desire to withdraw the PCR with prejudice after a detailed colloquy under oath with the PCR judge. Accordingly, on March 22, 2006, Judge Alford entered an Order of Dismissal with Prejudice in which he found the withdrawal with prejudice to be knowingly and voluntarily given.

Petitioner then filed a "Motion for Relief of Judgment or Order Pursuant to SCRCP 60(b)(3), (5), and (6)", on July 10, 2006. Petitioner filed an amended motion dated January 17, 2007. The State followed with a Return and Motion to Dismiss the motion, dated January 18, 2007. Judge Alford issued an Order filed January 22, 2007, in which he "denied and dismissed" the Rule 60(b) motion.

Petitioner then filed a *pro se* notice of appeal with the South Carolina Supreme Court. Petitioner apparently retained Washington, DC attorney James Butler to represent him, and attorney Butler associated J. Todd Rutherford, Esquire, as local counsel. On March 4, 2008, the State filed a Motion to Dismiss the PCR appeal. Petitioner through counsel Rutherford filed a Response dated April 11, 2008. Rutherford also filed a Petition for Writ of Certiorari, in which he raised the following issues:

1. Did Appellant allege in his motion, and restate to this Court, that the withdrawal of his plea was not knowingly and voluntarily, as his PCR counsel failed to give him effective advise and effectively represent him at his post conviction hearing?

2. Did Post Conviction Relief (PCR) counsel fail to substantiate and fully investigate Appellant's case before convincing him to withdraw?

3. Was Appellant adequately appraised of the consequences of his withdrawal?

4. Does the record establish a reasonable probability that, but for counsel's errors, the respondent would not have withdrawn his petition for post conviction relief but would have proceeded to argue his claims against the State of South Carolina?

5. Was Appellant's withdrawal knowingly and voluntarily entitling him to a new post conviction hearing?

On May 7, 2008, the state supreme court issued an order in which it dismissed the appeal as to the PCR Order of Dismissal, but held the appeal was timely as to the denial of the Rule 60(b) motion. On February 4, 2009, the state supreme court issued an order in which it denied the petition for writ of certiorari, and the Remittitur was sent down on February 20, 2009.

## II. HABEAS ALLEGATIONS

Petitioner raises the following allegations in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

**Ground One:** Warrant may [not] properly issue for search of private dwelling unless there is [probable cause] 4th Amendment.

**Ground Two:** Ineffective Assistance Counsel and Prosecutorial misconduct.

(Petition).

## III. SUMMARY JUDGMENT

On July 24, 2009, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to

fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Murray filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

6

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V. DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. (Respondent's Memorandum).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[5] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner did not file a direct appeal. Therefore, his conviction became final ten days after his sentence was ordered, February 9, 2004. Petitioner did not file his first PCR application until April 30, 2004. Eighty-one (81) days of non-tolled time passed between the conclusion of direct review and the filing of the PCR application. The period of limitations for filing his federal habeas corpus action was tolled during the pendency of the PCR. On March 22, 2006, an order was issued by the PCR Judge finding that the PCR application was knowingly and voluntarily withdrawn with prejudice. Petitioner filed this habeas petition on April 8, 2009, with a Houston v. Lack, supra, delivery date of April 2, 2009. However, even using the date of April 2, 2009, the time is outside the limitations period.

The PCR application was voluntarily dismissed with prejudice. A review of the PCR transcript and the PCR Judge's Order of dismissal reveals that the PCR Judge carefully questioned Petitioner about the withdrawal of his PCR application and found that it was free and voluntary and that Petitioner knowingly and intelligently elected to have his PCR application dismissed with prejudice. The Order of Dismissal was signed March 21, 2006, and filed on March 22, 2006. Petitioner filed a "Motion for relief of Judgment or order Pursuant to SCRCP 60(b)(3), (5), and (6)"

on July 10, 2006. The motion was denied and dismissed by Order filed January 22, 2007. Thereafter, Petitioner filed a notice of appeal with the South Carolina Supreme Court. The State filed a Return and Motion to Dismiss arguing that the motion was untimely and improper since the order of dismissal was a consent order. On May 7, 2008, the South Carolina Supreme Court granted the State's motion to dismiss to the "extent petitioner seeks to appeal from the order of dismissal. However, we deny the motion as to the appeal from the order denying petitioner's Rule 60(b), motion." Further, the South Carolina Supreme Court noted that Petitioner had since filed a petition for a writ of certiorari in which "he focuses on the denial of the Rule 60(b) motion, ultimately asking this Court to reverse the lower court's denial of the motion. We find the petition proper, since it only addresses the appeal from the order denying petitioner's Rule 60(b) motion . . ." On February 4, 2009, the South Carolina Supreme Court issued a letter order denying the petition for a Writ of Certiorari. The undersigned does not find that the Rule 60(b) motion was a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim pending"pursuant to §2244(d)(2). Additionally, the Rule 60(b) motion does not affect the finality of a judgment or suspend its operation. The PCR application concluded when the Order of Dismissal with Prejudice was filed. There was no timely appeal from the order and the state supreme court dismissed as untimely any appeal from the order dismissing the action. The Rule 60(b) motion was denied and the PCR matter was not reopened. Additionally, it has been held that a Rule 60 motion, unlike a Rule 59(e) motion, does not toll the running of the time for appeal. See Coward Hund Const. Co., Inc. V. Ball Corp., 518 S.E.2d 56, 59 (S.C. Ct. App. 1999). Rule 60(b) of the South Carolina Rules of Civil Procedure states that "a motion under this Rule does not affect the finality of a judgment or suspend its operation." Accordingly, the undersigned does not find the

filing of a Rule 60 motion tolled the limitations time period. Therefore, it is recommended that Respondent's motion for summary judgment be granted and the petition dismissed as time barred.[4]

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

---

[4] In the alternative, it is recommended that the habeas petition be dismissed. In Ground One of the habeas petition, Petitioner asserts that the search warrants of his residence were not supported by probable cause. It is recommended that this issue be denied because Petitioner pleaded guilty and a federal court will not grant habeas relief based on a Fourth Amendment violation if "the State has provided an opportunity for full and fair litigation" of the claim. Stone v. Powell, 428 U.S. 465, 482 (1976). Therefore, this issue should be dismissed.

In Ground Two of the habeas petition, Petitioner asserts that his counsel was ineffective. However, this issue would be procedurally defaulted as the PCR action was voluntarily withdrawn and no appeal was perfected from the PCR Order of Dismissal.

Additionally, as to any issue Petitioner attempts to raise as to ineffective assistance of PCR counsel, it is not cognizable in habeas corpus. As this issue pertains to errors in the PCR action, this issue should be dismissed. Alleged defects in state PCR proceedings are not cognizable in a federal habeas action. Wright v. Angelone, 151 F.3d 151 (4th Cir.1998); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988) (holding that errors and irregularities in connection with state PCR proceedings are not cognizable on federal habeas review). Accordingly, it is recommended that this issue be dismissed.

Petitioner has not presented evidence to warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that

11

> prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Based on the fact that Petitioner has not shown any extraordinary circumstances to warrant equitable tolling, the petition is barred by the statute of limitations.

## VI. CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #18) be GRANTED, and the petition be dismissed without an evidentiary hearing.

IT IS FURTHER RECOMMENDED that Petitioner's motion for default judgment (Doc.#22) be DENIED.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 5, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**