IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kenny R. Murray, Jr., ) | |
|     Petitioner, ) | C.A. No.: 4:09-cv-00907-RBH |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| Warden, Evans Correctional Institution, ) | |
|     Respondent. ) | |
| ) | |

This matter is before the Court for review of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

**<u>Standard of Review</u>**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

However, the Court need not conduct a de novo determination if objections are not timely. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982). Moreover, in the absence of objections to the R&R of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

1

**Discussion**

On November 5, 2009, the Magistrate Judge issued his R&R, which was placed in United States mail to the Petitioner on the same day. The Petitioner's objections to the R&R were due no later than November 23, 2009.[1] However, the Petitioner's objections were not filed until November 25, 2009.[2] Because the Petitioner filed no timely objections, the Court need not conduct a de novo review. Nonetheless, in an abundance of caution, and without deciding the 28 U.S.C. § 2244 statute of limitations issue, the Court reviews the Petitioner's objections on the merits.

In Ground One of the habeas petition, the Petitioner asserts that the search warrants of his residence were not supported by probable cause. The Magistrate Judge recommended that this issue be dismissed because the Petitioner pleaded guilty, and a federal court will not grant habeas relief based on a Fourth Amendment violation if "the State has provided an opportunity for full and fair litigation" of the claim. *Stone v. Powell,* 428 U.S. 465, 482 (1976).

In Ground Two of the habeas petition, the Petitioner asserts that his counsel was ineffective. However, this issue would be procedurally defaulted, as the PCR action was voluntarily withdrawn and no appeal was perfected from the PCR Order of Dismissal. *See*

---

[1] Any objections to the Magistrate Judge's R&R must be filed within ten (10) days of the date of service. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6.

[2] The envelope in which the Petitioner's objections were mailed was date-stamped by the Evans Correctional Institution as being received on November 25, 2009. Under the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a document is deemed filed by a prisoner when it is delivered to prison officials for mailing.

*Edwards v. Carpenter,* 529 U.S. 446, 453 (2000) (petitioner cannot rely on ineffective assistance as cause for a procedural default without first exhausting the ineffective assistance claim in state proceedings). Additionally, as to any issue the Petitioner attempts to raise as to ineffective assistance of PCR counsel, such issue is not cognizable in a federal habeas corpus action. The Magistrate Judge recommended that this issue be dismissed, as this issue pertains to errors in the PCR action, and alleged defects in state PCR proceedings are not cognizable in a federal habeas corpus action. *See Wright v. Angelone,* 151 F.3d 151 (4th Cir. 1998); *see also Bryant v. Maryland,* 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors and irregularities in connection with state PCR proceedings are not cognizable on federal habeas review). As such, this issue should be dismissed.

After a thorough review of the R&R, the record in this case, and the applicable law, the Court adopts Magistrate Judge Rogers's R&R and incorporates it herein. It is therefore

**ORDERED** that the Respondent's Motion for Summary Judgment is granted, and the Petitioner's Petition is dismissed without an evidentiary hearing.

**IT IS SO ORDERED.**

    s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
December 10, 2009